969 So.2d 411 (2007)
Steven Alan HOO, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D06-575.
District Court of Appeal of Florida, Third District.
October 24, 2007.
Bennett H. Brummer, Public Defender, and Robert Godfrey, Assistant Public Defender, for appellant.
Bill McCollum, Attorney General, and Rolando A. Soler, Assistant Attorney General, for appellee.
Before ROTHENBERG and SALTER, JJ., and SCHWARTZ, Senior Judge.
PER CURIAM.
Steven Alan Hoo appeals an order civilly committing him as a sexually violent predator pursuant to the Jimmy Ryce Act. § 394.10, Fla. Stat. (2004). The single issue presented is whether the trial court reversibly erred by allowing the victim's mother to testify, over a defense objection, that the victim of the predicate sexually violent offense continued to suffer medical and psychological problems some seventeen years after the victim was raped by the appellant. Finding no abuse of discretion by the trial court in overruling the objection, we affirm the unanimous jury verdict and judgment for commitment.
In 1998, Hoo pled guilty to the rape of a twenty-one month-old baby girl. The 2005 jury trial to determine whether Hoo was a sexually violent predator turned, therefore, on whether he suffered from "a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence if not confined in a secure facility for long-term control, care, and treatment." § 394.912(10)(b), Fla. Stat. (2004). The State offered the testimony of two expert witnesses with extensive credentials *412 in psychology, counseling, and the evaluation and treatment of sex offenders. Each opined that Hoo suffers from sexual sadism, alcohol and drug abuse, and antisocial personality disorders; has repeatedly refused treatment; and is likely to engage in further sexually violent acts if not committed. Hoo presented opposing experts who testified that he was at low risk for reoffending and should not be committed.
After extensive colloquy, the trial court limited the testimony of the victim's mother regarding her daughter's present condition to two areas: whether the victim continues to suffer from medical problems as a result of the rape, and whether she continues to suffer from psychological problems as a result of the rape. The mother answered affirmatively to each of those questions.
Hoo argues that these questions and answers were not relevant and that the trial court reversibly erred in overruling the objection to that testimony. We review rulings on relevance objections for an abuse of discretion. Ortega-Mantilla v. State, 898 So.2d 1164, 1169 (Fla. 3d DCA 2005).
The mother's testimony on these points pertained to two issues germane to the diagnosis of sexual sadism: first, the severity of the injuries imposed (injuries far more extensive than digital or penile penetration  including multiple lacerations, a bloody nose, and bruises to the child's ear and ear canal); and second, as a foundation for questions (which might have been, but ultimately were not, addressed to later witnesses) regarding Hoo's remorsefulness. The trial court's limited admission of testimony by the victim's mother regarding her daughter's continued medical and psychological problems did not, considered in light of the diagnostic considerations addressed by the expert witnesses, constitute an abuse of discretion.
We also address Hoo's argument that the mother's testimony regarding the victim's current condition was so "emotionally charged" that the State cannot meet its burden to demonstrate that the trial court's error was harmless beyond a reasonable doubt. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
Had we found error in the admission of the limited testimony by the mother on the victim's condition (which we have not), we would find the error harmless beyond a reasonable doubt in the context of this case. That testimony is only a part of one page in a trial transcript comprising over 1300 pages, and the inclusion of those questions and answers could not have affected the outcome. See Ortega-Mantilla, 898 So.2d at 1167. Even the cold appellate record discloses that the trial was "emotionally charged" throughout. A detective's testimony, the expert witness testimony offered by both sides, and all of the other evidence presented to the jury is shocking and prejudicial by its very nature  not the few questions and answers challenged here.
Affirmed.